UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 09-336-HA |
| v. | SUPERSEDING INDICTMENT |
| JAMES RAY YOAKUM,<br>   a.k.a. "Lonnie,"<br>DAVID JUNIOR STEPHENS,<br>   a.k.a. "De De,"<br>JAMES TERRANCE WARREN,<br>   a.k.a. "T-Hogg,"<br>KIMBERLY DIANE DISHMAN,<br>   a.k.a. Kimberly Diane Davis,<br>DENORSE DEE ALLEN JR.,<br>   a.k.a. "Dee,"<br>BILLY RAY HOLIDAY,<br>   a.k.a. "Doc Holiday,"<br>TYRONE CHRISTOPHER WILLIAMS,<br>   a.k.a. "Snoop,"<br>ROCHELLE EVETTE CRAWFORD,<br>             Defendants. | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),<br>841(b)(1)(B), 841(b)(1)(C), 846 and 853<br><br>Under Seal |

THE GRAND JURY CHARGES:

Count 1
[Conspiracy to Distribute and Possess with
Intent to Distribute Cocaine and Cocaine Base,
in the form of Crack Cocaine]

From an exact date being unknown to the grand jury, but starting no later than 2006 and continuing through August 31, 2009, in the District of Oregon and elsewhere, JAMES RAY YOAKUM, a.k.a. "Lonnie," DAVID JUNIOR STEPHENS, a.k.a. "De De," JAMES TERRANCE WARREN, a.k.a. "T-Hogg," KIMBERLY DIANE DISHMAN, a.k.a. Kimberly Diane Davis, DENORSE DEE ALLEN JR., a.k.a. "Dee," BILLY RAY HOLIDAY, a.k.a. "Doc Holiday," TYRONE CHRISTOPHER WILLIAMS, a.k.a.

"Snoop," and **ROCHELLE EVETTE CRAWFORD**, defendants herein, and other persons whose identities are known and unknown to the grand jury, did knowingly and willfully combine, conspire, confederate, and agree to distribute and possess with intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance, and 50 grams or more of cocaine base, in the form of crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

## WAYS AND MEANS OF CONSPIRACY

1. It was a part of this conspiracy that members of the conspiracy would and did transport multi-kilogram loads of cocaine from California and elsewhere to Portland, Oregon, in the District of Oregon, for further possession with intent to distribute and distribution in Oregon.

2. It was part of the conspiracy that defendants and other co-conspirators maintained, controlled, and used residences and other premises for receiving, possessing, concealing, packaging, cooking, and distributing cocaine and cocaine base, also known as "crack" cocaine.

3. It was a part of this conspiracy that defendants and other co-conspirators purchased, rented, leased, controlled, maintained, and/or insured cars and other vehicles to make trips to obtain cocaine, to transport and conceal those drugs, and to transport proceeds of drug sales and cash for purchasing drugs from California to Oregon and from Oregon back to California.

4. It was a part of this conspiracy that members of the conspiracy operated or used business entities as "fronts" to conceal, transfer, and spend cash proceeds from sales of cocaine.

Page 2 - Indictment

5. It was a part of this conspiracy that defendants, and other coconspirators whose identities are known and unknown to the grand jury, would and did distribute and possess with intent to distribute cocaine within the District of Oregon and elsewhere.

6. It was part of this conspiracy that defendants, and other coconspirators whose identities are known and unknown to the grand jury, would and did purchase quantities of cocaine and used it to manufacture cocaine base, also known as crack cocaine, for purposes of further distribution within the District of Oregon.

## OVERT ACTS OF CONSPIRACY

In furtherance of this conspiracy, and in pursuit of the objects thereof, at least one of the conspirators charged in this count committed or caused to be committed one or more of the following overt acts, among others, in the District of Oregon and elsewhere:

1. On or about February 4, 2009, defendant JAMES RAY YOAKUM, a.k.a. "Lonnie," (YOAKUM) possessed cocaine for purposes of further distribution.

2. On or about March 24, 2009, defendant YOAKUM possessed cocaine for purposes of further distribution.

3. On or about April 7, 2009, defendant TYRONE CHRISTOPHER WILLIAMS, a.k.a. "Snoop," (Williams) possessed five grams or more of cocaine base, in the form of crack cocaine, for purposes of further distribution.

4. On or about April 17, 2009, defendant YOAKUM possessed cocaine for purposes of further distribution.

5. On or about April 20, 2009, defendant YOAKUM possessed cocaine for purposes of further distribution.

Page 3 - Indictment

6. On or about June 16, 2009, defendant YOAKUM possessed cocaine for purposes of further distribution.

7. On or about June 24, 2009, defendant JAMES TERRANCE WARREN, a.k.a. "T-Hogg," possessed 50 grams or more of cocaine base, in the form of crack cocaine, for purposes of further distribution.

8. On or about July 15, 2009, using coded language, defendant YOAKUM used a telephone in an attempt to order one and a half kilograms of cocaine (". . . one you know, one and a half") from defendant DAVID JUNIOR STEPHENS, a.k.a. "De De," (STEPHENS).

9. On or about July 16, 2009, using coded language, defendant STEPHENS told defendant YOAKUM that he was only able to obtain 18 ounces of cocaine (referred to as "two nines" and "two pistols") for defendant YOAKUM.

10. On or about July 16, 2009, defendant WARREN, possessed 50 grams or more of cocaine base, in the form of crack cocaine, for purposes of further distribution.

11. On or about July 17, 2009, using coded language, defendant STEPHENS told defendant YOAKUM that he could obtain between three and four kilograms of cocaine ("he can do three cars" and "he can do four . . . the whole the whole") for defendant YOAKUM.

12. On or about July 17, 2009, defendant STEPHENS and defendant YOAKUM meet for the purposes of conducting a drug deal.

13. On or about July 17, 2009, using coded conversation, defendant YOAKUM talked to an unknown male and asked if he still wanted to buy nine ounces of cocaine (referred to as "a glock" and "the pistol").

14. On or about July 18, 2009, using coded conversation, defendant TYRONE CHRISTOPHER WILLIAMS, ordered a quantity of cocaine ("a couple of them") from defendant YOAKUM.

15. On or about July 18, 2009, defendant ROCHELLE EVETTE CRAWFORD (CRAWFORD), using coded language, asked defendant YOAKUM for an ounce of cocaine.

16. On or about July 18, 2009, defendant YOAKUM sold defendant CRAWFORD approximately an ounce of cocaine.

17. On or about July 18, 2009, defendant CRAWFORD called defendant YOAKUM and, in coded conversation, told him that he had shorted her on her order: "Yeah it was short . . . that was only twenty three grams, twenty three point five grams . . . the whole thing was twenty three point five."

18. On or about July 20, 2009, defendant YOAKUM possessed 500 grams or more of cocaine for purposes of further distribution.

19. On or about July 21, 2009, defendant CRAWFORD, using coded conversation, ordered an ounce of cocaine from defendant YOAKUM.

20. On or about July 21, 2009, defendant KIMBERLY DIANE DISHMAN, a.k.a. Kimberly Diane Davis (DISHMAN) provided defendant CRAWFORD with the cocaine defendant CRAWFORD ordered from defendant YOAKUM.

21. On or about July 27, 2009, defendant DISHMAN discarded cocaine packaging material in her trash.

22. On or about July 29, 2009, defendant STEPHENS repackaged cocaine for purposes of further distribution and discarded cocaine packaging material in the trash.

23. On or about July 28, 2009, a person, using code conversation, ordered a quantity of cocaine from defendant YOAKUM.

24. On or about August 1, 2009, defendant WARREN, using coded conversation, ordered a quantity of cocaine from defendant YOAKUM.

25. On or about August 3, 2009, defendant BILLY RAY HOLIDAY, a.k.a. "Doc Holiday," (HOLIDAY) ordered nine ounces of cocaine from defendant YOAKUM by telling him "[o]k I'm ready for them ahh Jordan's, da nines."

26. On or about August 3, 2009, defendant YOAKUM, had a phone conversation with defendant HOLIDAY and, in a coded conversation ("[a]lright well I'm ready") told HOLIDAY that he was ready to distribute cocaine to him.

27. On or about August 3, 2009, defendant YOAKUM sold defendant HOLIDAY nine ounces of cocaine.

28. On or about August 3, 2009, defendant HOLIDAY purchased and possessed with the intent to distribute nine ounces of cocaine.

29. On or about August 3, 2009, defendant HOLIDAY distributed a quantity of cocaine at Dawson park, in the City of Portland, Oregon.

Page 6 - Indictment

30. On or about August 7, 2009, defendant STEPHENS, using coded language, had a discussion with defendant YOAKUM about obtaining and distributing 18 ounces of cocaine.

31. On or about August 12, 2009, defendant DENORSE DEE ALLEN JR., a.k.a. "Dee," (ALLEN), in coded conversation, ordered approximately 18 ounces of cocaine from defendant YOAKUM ("we was gonna play da whole eighteen.").

32. On or about August 12, 2009, defendant DISHMAN drove defendant YOAKUM to a drug deal that was conducted with defendant ALLEN.

33. On or about August 31, 2009, defendant STEPHENS possessed approximately 27 grams of cocaine base, in the form of crack cocaine, for purposes of further distribution.

34. On or about August 31, 2009, defendant STEPHENS possessed cocaine for purposes of further distribution.

35. On or about August 31, 2009, defendant STEPHENS possessed scales and drug packaging material that were possessed for purposes of assisting in the distribution of cocaine and cocaine base, in the form of crack cocaine.

36. On or about August 31, 2009, defendant DISHMAN possessed cocaine for purposes of further distribution.

## Count 2
### [Possession with the Intent to Distribute Crack Cocaine]

On or about August 31, 2009, in the District of Oregon, **DAVID JUNIOR STEPHENS, a.k.a. "De De,"** defendant herein, did knowingly and intentionally possess with the intent to distribute five grams or more of cocaine base, in the form of crack cocaine, a Schedule II

Page 7 - Indictment

controlled substance, all in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## Count 3
### [Possession with the Intent to Distribute Cocaine]

On or about August 31, 2009, in the District of Oregon, **DAVID JUNIOR STEPHENS, a.k.a. "De De,"** defendant herein, did knowingly and intentionally possess with the intent to distribute a quantity of cocaine, a Schedule II controlled substance, all in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 4
### [Possession with the Intent to Distribute Cocaine]

On or about August 31, 2009, in the District of Oregon, **KIMBERLY DIANE DISHMAN, a.k.a. Kimberly Diane Davis,** defendant herein, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 5
### [Distribution of Cocaine]

On or about August 12, 2009, in the District of Oregon, **JAMES RAY YOAKUM, a.k.a. "Lonnie Yoakum,"** and **KIMBERLY DIANE DISHMAN, a.k.a. Kimberly Diane Davis,** defendants herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, all in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 6
### [Possession with the Intent to Distribute Cocaine]

On or about August 12, 2009, in the District of Oregon, **DENORSE DEE ALLEN JR., a.k.a. "Dee,"** defendant herein, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 7
### [Distribution of Cocaine]

On or about August 3, 2009, in the District of Oregon, **JAMES RAY YOAKUM, a.k.a. "Lonnie Yoakum,"** defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 8
### [Possession with the Intent to Distribute Cocaine]

On or about August 3, 2009, in the District of Oregon, **BILLY RAY HOLIDAY, a.k.a. "Doc Holiday,"** defendant herein, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance, all in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 9
### [Distribution of Cocaine]

On or about July 21, 2009, in the District of Oregon, **KIMBERLY DIANE DISHMAN, a.k.a. Kimberly Diane Davis,** defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Page 9 - Indictment

## Count 10
### [Distribution of Cocaine]

On or about July 20, 2009, in the District of Oregon, **JAMES RAY YOAKUM, a.k.a. "Lonnie Yoakum,"** defendant herein, did knowingly and intentionally distribute 500 grams or more of cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## Count 11
### [Distribution of Crack Cocaine]

On or about July 16, 2009, in the District of Oregon, **JAMES TERRANCE WARREN, a.k.a. "T-Hogg,"** defendant herein, did knowingly and intentionally distribute 50 grams or more of cocaine base, in the form of crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## Count 12
### [Distribution of Crack Cocaine]

On or about June 24, 2009, in the District of Oregon, **JAMES TERRANCE WARREN, a.k.a. "T-Hogg,"** defendant herein, did knowingly and intentionally distribute 50 grams or more of cocaine base, in the form of crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## Count 13
### [Distribution of Cocaine]

On or about June 16, 2009, in the District of Oregon, **JAMES RAY YOAKUM, a.k.a. "Lonnie Yoakum,"** defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 14
### [Distribution of Cocaine]

On or about April 20, 2009, in the District of Oregon, **JAMES RAY YOAKUM, a.k.a. "Lonnie Yoakum,"** defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 15
### [Distribution of Cocaine]

On or about April 17, 2009, in the District of Oregon, **JAMES RAY YOAKUM, a.k.a. "Lonnie Yoakum,"** defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 16
### [Distribution of Crack Cocaine]

On or about April 7, 2009, in the District of Oregon, **TYRONE CHRISTOPHER WILLIAMS, a.k.a. "Snoop,"** defendant herein, did knowingly and intentionally distribute 5 grams or more of cocaine base, in the form of crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## Count 17
### [Distribution of Cocaine]

On or about March 24, 2009, in the District of Oregon, **JAMES RAY YOAKUM, a.k.a. "Lonnie Yoakum,"** defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 18
### [Distribution of Cocaine]

On or about February 4, 2009, in the District of Oregon, **JAMES RAY YOAKUM, a.k.a. "Lonnie Yoakum,"** defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

///

///

///

## Criminal Forfeiture Allegation
### [Controlled Substance Offense]

Upon conviction of a controlled substance offense listed above, **JAMES RAY YOAKUM, a.k.a. "Lonnie," DAVID JUNIOR STEPHENS, a.k.a. "De De," JAMES TERRANCE WARREN, a.k.a. "T-Hogg," KIMBERLY DIANE DISHMAN, a.k.a. Kimberly Diane Davis, DENORSE DEE ALLEN JR., a.k.a. "Dee," BILLY HOLIDAY, a.k.a. "Doc Holiday," TYRONE CHRISTOPHER WILLIAMS, a.k.a. "Snoop,"** and **ROCHELLE EVETTE CRAWFORD,** defendants herein, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

DATED this ____ day of October 2009.

A TRUE BILL.

_____
OFFICIATING FOREPERSON

Presented by:
KENT S. ROBINSON
Acting United States Attorney

_____
SCOTT M. KERIN, OSB #965128
Assistant United States Attorney

_____
JANE H. SHOEMAKER, CSBN 125815
Assistant United States Attorney

Page 13 - Indictment