KENT S. ROBINSON, OSB # 09625
Acting United States Attorney
District of Oregon
**SCOTT M. KERIN**, OSB # 96512
**JANE H. SHOEMAKER,** CSB # 125815
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
 E-mail: Scott.Kerin@usdoj.gov
Jane.Shoemaker@usdoj.gov
Attorneys for the United States

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CR No. 09-336-HA |
| **JAMES RAY YOAKUM,** *et. al.*, <br> Defendants. | **GOVERNMENT'S MOTION TO DECLARE CASE COMPLEX, VACATE DATES, SET STATUS HEARING, AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |

The United States of America, by and through Kent S. Robinson, Acting United States Attorney for the District of Oregon, and Scott M. Kerin and Jane H. Shoemaker, Assistant United States Attorneys, hereby moves the Court to: 1) designate this a complex case; 2) vacate the current discovery, motions, and trial dates; 3) set a status conference in December 2009 or January 2010, at which time new dates may be set; and 4) exclude time under the Speedy Trial Act, from the filing of this motion through and including the status hearing, pursuant to 18 U.S.C. §§ 3161(h)(3)(A) and 3161(h)(7), and considering the factors set forth in Section 3161(h)(7)(B)(i), (ii), and (iv).

**Page 1**   **GOVERNMENT'S MOTION TO DECLARE CASE COMPLEX, VACATE DATES, SET STATUS HEARING, AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The government has attempted to contact all defendants who have appeared in the case thus far. Mr. Ransom, on behalf of James Yoakum opposes the Government's motion. The attorneys for defendants Warren, Allen, Holiday, Williams, and Crawford either support or have no objection to the Government's request. Counsel for Dishman has not yet stated his position. One co-defendant, David Stephens, has not yet been arrested or arraigned on the case.

## BACKGROUND

The defendants are charged in an 18-count indictment alleging various controlled substances violations. The main charge in the case, Count One, alleges that all the defendants jointly engaged in a criminal conspiracy to distribute and possess with the intent to distribute 5 kilograms of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The charge carries a mandatory minimum sentence of 10 years. The conspiracy is alleged to run from no later than 2006 and to have continued through August 31, 2009. The case against the defendants is primarily based upon intercepted calls derived from two wiretaps on defendant Yoakum's phones, controlled purchases of both cocaine and crack cocaine from various defendant's, surveillance, and a variety of witnesses to the defendants' illegal activities. The government has produced over 10,000 pages of initial discovery and thousands of intercepted phone calls. Additionally approximately 7,900 pages of financial documents are currently in the process of being provided as discovery. The scope of the conspiracy includes acts in both California and Oregon. The government estimates that the trial will last two weeks. Trial is currently set for December 15, 2009. Other defendants and charges may be added.

**Page 2**       **GOVERNMENT'S MOTION TO DECLARE CASE COMPLEX, VACATE DATES, SET STATUS HEARING, AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

**CURRENT SCHEDULE**

James Ray Yoakum was originally arraigned on September 2, 2009. Six additional defendants were arraigned on October 26, 2009. Trial is currently set for December 15, 2009. David Stephens has not yet been arrested or arraigned.

**COMPLEXITY**

The case currently involves eight defendants facing serious felony offenses, with substantial penalties. The charges span more than a three-year period. It is likely additional charges and defendants will be added in another superseding indictment.

The cases are based in part on two Court-authorized wiretaps, and extensions thereof. The underlying applications, affidavits, and orders are voluminous, as are the "line sheets" summarizing intercepted calls. Agents executed a number of search warrants related to this case in Oregon and California. Reports, line sheets, preliminary transcripts, and photographs from the investigation which have already been provided to defendants are over 10,000 pages. The search warrants and underlying affidavits are still forthcoming, as are approximately 7,900 pages of financial documents.

It will take time to produce all of the discovery in the case, including all of the financial documents that were subpoenaed and seized and final transcripts of intercepted calls. Some of the discovery is also still under seal.

Given the numbers of defendants, the nature of the charges, and the volume and scope of discovery involved, the majority of the parties who have appeared in the cases agree that the case is "complex" within the meaning of the Speedy Trial Act and that additional time is needed for

discovery, pretrial motions, and trial preparation. Specifically, additional time is needed for the government to complete production of discovery, including the translation and preparation of pertinent transcripts of recorded conversations necessary for trial; for defendants to review the discovery and assess the evidence, to conduct any investigation and pretrial and trial preparation they may need; for defendants to research and prepare any pretrial motions, including motions to suppress; and, for both sides to thoroughly and adequately prepare for trial, taking into account the exercise of due diligence.

## REQUEST FOR STATUS CONFERENCE

Based on the above, the government and the majority of the parties, with the exception of counsel for defendant Yoakum and Dishman, request that the Court declare the case complex and set a status hearing, at which time the parties may reasonably estimate the time needed to prepare for pretrial motions and trial, and new dates may be set.

The government has agreed to continue providing discovery to the defense, and believes this can be accomplished by the end of December 2009. Setting a status conference will provide defense counsel time to at least have done a preliminary review of the initial materials provided, sufficient for the purpose of setting new dates in the case.

## EXCLUDABLE TIME

Based on all of the facts above, the government requests the Court to exclude the period of time from the filing of this motion, through and including the status conference, from the computation of time within which trial must commence in these matters, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(3)(A) and 3161(h)(7), considering the factors set forth in Section

Page 4      GOVERNMENT'S MOTION TO DECLARE CASE COMPLEX, VACATE
            DATES, SET STATUS HEARING, AND EXCLUDE TIME UNDER THE
            SPEEDY TRIAL ACT

3161(h)(7)(B)(i), (ii), and (iv).

Section 3161(h)(1)(D) provides for the exclusion of time whenever a motion is filed, through the conclusion of any hearing on the motion or other prompt disposition thereof. Section 3161(h)(3)(A) provides for exclusion of time when a defendant is absent or unavailable, as in the case of the fugitive defendants. Finally, and most significantly, time is excludable under Section 3161(h)(8)(A) if the Court finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendants in a speedy trial, taking into account the factors set forth in Section 3161(h)(7)(B). The majority of the parties agree that the case is complex within the meaning of Section 3161(h)(8)(B)(ii), due to the number of defendants, the nature of the prosecutions, and the likely existence of novel issues of law or fact, and that it would be unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the usual time limits established under the Speedy Trial Act. The government also believes that even if the case were not so unusual or complex to fall within clause (ii) under Section 3161(h)(7)(B), a denial of this request for continuance would deny counsel for all parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence under Section 3161(h)(7)(iv). For all of these reasons, the government submits that granting this motion will serve the ends of justice and outweighs the defendants' and the public's interest in a speedy trial.

////

////

////

**Page 5**    **GOVERNMENT'S MOTION TO DECLARE CASE COMPLEX, VACATE DATES, SET STATUS HEARING, AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

**CONCLUSION**

For the foregoing reasons, the government requests the Court to declare this case "complex" within the meaning of the Speedy Trial Act; vacate all dates set in the case; set a status conference at a time mutually convenient for all parties; and exclude time under the Speedy Trial Act through and including that date.

DATED this 8th day of December, 2009.

Respectfully submitted,

KENT S. ROBINSON
Acting United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN
JANE H. SHOEMAKER
Assistant United States Attorneys