KENT S. ROBINSON, OSB #09625
Acting United States Attorney
District of Oregon
**SCOTT M. KERIN,** OSB #965128
**JANE H. SHOEMAKER**
Assistant United States Attorneys
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
scott.kerin@usdoj.gov
jane.shoemaker@usdoj.gov
            Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CR 09-336-1-HA |
| v. | GOVERNMENT'S RESPONSE TO NEW ARGUMENTS RAISED IN DEFENDANT YOAKUM'S REPLY, AND SUPPLEMENTAL REPLY, TO GOVERNMENT'S OPPOSITION TO YOAKUM'S MOTION TO SEVER |
| **JAMES RAY YOAKUM,**   Defendant. | |

The United States of America, by Kent S. Robinson, Acting United States Attorney for the District of Oregon, through Scott M. Kerin and Jane H. Shoemaker, Assistant United States Attorneys, responds as follows to the new arguments raised in defendant Yoakum's reply and supplemental reply concerning his request for severance or pretrial release:

**Defendant's Claim Under 18 U.S.C. § 3164**

Defendant contends he is entitled to a severance or pretrial release pursuant to Title 18, United States Code, Section 3164.  Defendant is mistaken.  Section 3164 does state that persons who are detained solely because they are pending trial, must be brought to trial within 90 days or granted an immediate review of their detention.  However, Section 3164 also plainly states that any exclusions under 18 U.S.C. § 3161(h) of the Speedy Trial Act, are also excluded from the 90

day time computation under Section 3164.  18 U.S.C. § 3164(b); *accord United States v. Calabrese*, 825 F.2d 1342 (9th Cir. 1987).

Section 3161(h)(6) provides for the exclusion of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  Section 3161(h)(7)(A) also provides for the exclusion of "[a]ny period of delay resulting from a continuance ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," taking into account the factors set forth in subsection (h)(7)(B), including the complexity of the case and any defendant's need for additional time to adequately prepare, taking into account the exercise of due diligence.

Codefendant David Stephens, the last defendant to appear in the case, was arraigned before the magistrate judge this afternoon.  His appearance restarted the Speedy Trial clock for defendant Yoakum, and all other codefendants in the case.  *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); *United States v. King*, 483 F.3d 969, 973 (9th Cir. 2007); *see also* 18 U.S.C. §§ 3161(c) and 3161(h)(6).  Because the period of time from defendant's initial indictment through and including defendant Stephens' arraignment is excludable under Section 3161(h)(6), it is also excluded from the 90 day period under Section 3164.

The Ninth Circuit aptly explained the reason for synchronizing the speedy trial clocks for all defendants: to ensure that the Speedy Trial Act will not become a vehicle for altering existing rules of joinder and severance by compelling the government to prosecute properly joined defendants piecemeal.  *King*, 483 F.3d at 973 and 974.  Failure to synchronize the defendants'

PAGE 2 - GOVERNMENT'S RESPONSE TO NEW ARGUMENTS RAISED IN
DEFENDANT YOAKUM'S REPLY REGARDING SEVERANCE

speedy trial clock could require severance every time new defendants were indicted or arrested. "Congress recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice. Congress also felt that the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time." *Id.* (citation omitted).

There is no suggestion, or basis to believe, that the government acted unreasonably, or purposely manipulated the speedy trial clock, in bringing a superseding indictment or in failing to arrest codefendant Stephen earlier. Accordingly, and for the reasons set forth in the government's earlier response, defendant should not be granted a severance. Defendant's trial should be reset to the trial date set at defendant Stephen's arraignment, or whatever later date the Court sets the trial for those codefendants who sought a continuance, provided the Court makes the requisite findings under 18 U.S.C. § 3161(h)(7)(A) and (B) as to any continuance beyond the date set for defendant Stephens' trial.

**Due Process Violation**

Defendant's suggestion that his continued detention will result in a due process violation borders on frivolous. In assessing a due process violation, the Court should consider the length of delay, the reasons for it, defendant's assertion of his speedy trial rights, and any prejudice by the delay. *See, e.g., King*, 483 F.3d at 974. Due process violations are rarely found by pretrial delay, and no presumption of prejudice arises until after a year of pretrial detention. In *King*, the Ninth Circuit upheld a pretrial delay of two years. Yoakum has not been in custody even four months to date and has not alleged how he will be prejudiced other than remaining in custody, a factor that alone should not result in a severance where the speedy trial clock has been tolled.

PAGE 3 - GOVERNMENT'S RESPONSE TO NEW ARGUMENTS RAISED IN
DEFENDANT YOAKUM'S REPLY REGARDING SEVERANCE

The delay to date is entirely reasonable and sanctioned under the Speedy Trial Act.

Accordingly, the presumption in favor of a joint trial should prevail.

Defendant's motion for a severance or pretrial release should be denied.

DATED this 10th day of December 2009.

    Respectfully submitted,

    KENT S. ROBINSON
    Acting United States Attorney

    */s/ Jane H. Shoemaker*
    SCOTT M. KERIN, OSB #965128
    JANE H. SHOEMAKER
    Assistant United States Attorneys